## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>CITY OF APPLE VALLEY,<br><br>                  Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, individually and on behalf of all others similarly situated, by their undersigned attorneys, brings this action against Defendant City of Apple Valley, Minnesota, and allege as follows:

### Nature of the Case

1. This case arises under 42 U.S.C. §1983 and asserts violations of Plaintiffs' rights under the Ex Post Facto Clause and the Fourth Amendment of the United States Constitution.

2. Plaintiffs challenge the constitutionality of §130.08 of the Municipal Code of the City of Apple Valley, Minnesota ("the Ordinance"), an Ordinance that restricts the locations where individuals who have been convicted of sex offenses may reside. The restrictions the Ordinance impose are so severe that they effectively ban individuals subject to the Ordinance's restrictions from residing anywhere in Apple Valley ("the City").

3. In Count I, Plaintiffs John Doe 1 and John Doe 2, individually and on behalf of the class they seek to represent, contend that the Ordinance violates the Ex Post Facto Clause because it applies retroactively to individuals whose offenses occurred prior to the enactment of the Ordinance and imposes punishment by effectively banishing them from living anywhere in Apple Valley.

4. In Count II, Plaintiff John Doe 3, contends that the City's policy and practice of applying the Ordinance's residency restrictions to everyone who has been convicted of a sex offense regardless of whether the individual is actually subject to the Ordinance by its terms violates the Ex Post Facto Clause because it applies retroactively to individuals whose offenses occurred prior to the enactment of the Ordinance and imposes punishment by effectively banishing them from living anywhere in Apple Valley.

5. In Count III, Plaintiff John Doe 3 contends that the City's application of the Ordinance to him violates his rights under the Fourth Amendment of the United States constitution because it unreasonably interferes with his constitutionally protected right to the use and enjoyment of his property.

6. All Plaintiffs, individually and on behalf of the two classes, seek a declaration that the Ordinance is unconstitutional both on its face and as applied to them and an injunction prohibiting Defendant from continuing to enforce the Ordinance. The named Plaintiffs also seek damages for the harm they have suffered as a result of the City's application of the Ordinance to them.

## Jurisdiction and Venue

7. Jurisdiction for Plaintiffs' claims is based on 28 U.S.C. §§1331 and 1343(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the events giving rise to the Plaintiffs' claims arose in this district.

## The Parties

9. Defendant City of Apple Valley is a municipal corporation located in Dakota County, Minnesota. Defendant is governed by an elected City Council, which, among other things, is empowered to enact ordinances.

10. Plaintiff John Doe 1 is a 32-year-old resident of Bloomington, Minnesota. John Doe 1 rented an apartment in Apple Valley. He was forced to move out of his home pursuant to the Ordinance. He seeks to move back to Apple Valley, but he is prohibited from doing so pursuant to the Ordinance.

11. Plaintiff John Doe 2 is a 28-year-old resident of Lonsdale, Minnesota. John Doe 2 owns a townhome in Apple Valley. He seeks to live in the home he owns, but he is prohibited from doing so pursuant to the Ordinance.

12. Plaintiff John Doe 3 is a 44-year-old resident of Apple Valley, Minnesota. John Doe 3 owns a home in Apple Valley where he resides with his wife and two children. The City seeks to force John Doe 3 to move out of his home pursuant to the Ordinance.

## The Ordinance

13. The Ordinance makes it illegal for individuals who have been convicted of

certain sex offenses to live within 1,500 feet of schools, parks, playgrounds, places of worship that provide educational programs (*i.e.*, Sunday school), child care centers, and "sexually oriented" businesses. Ex. 1 at §(B)(1). The full text of the Ordinance is attached hereto as Exhibit 1.

14. Pursuant to the terms of the Ordinance, the residency restrictions apply to every individual who is required to register pursuant to Minn. Stat. §243.166 because of a conviction for a "designated sexual offense"[1] involving a victim who "was less than 16 years of age at the time of the offense" or "for which the offender has been categorized as a 'level III sex offender.'" Ex. 1 at §(A). The Ordinance calls such individuals "designated offenders." *Id.*

15. As a matter of practice, the City also applies the Ordinance to individuals who do not meet the Ordinance's definition of "designated offender," including any individual who has been convicted of one of the offenses enumerated in the Ordinance regardless of whether the victim of the offense is a minor or an adult; and regardless of assigned risk level (*i.e.*, Levels 1, 2 and 3, and those who have been given no risk level).[2]

---

[1] The Ordinance defines "designated sexual offense" as violations of Minn. Stat. §609.342 (criminal sexual conduct in the first degree); §609.343 (criminal sexual conduct in the second degree); §609.344 (criminal sexual conduct in the third degree); §609.345 (criminal sexual conduct in the fourth degree); §609.352 (solicitation of children to engage in sexual conduct); §609.365 (incest); §617.23 (indecent exposure); §617.246 (use of minors in sexual performance); §617.247 (possession of child pornography); §617.293 (dissemination of harmful materials to minors).

[2] Under Minnesota law, three possible risk levels can be assigned to an individual who is required to register as a sex offender: level 1 – low risk of re-offending; level

16. The Ordinance defines "residence" as "[a] place where a person abides, dwells, inhabits or stays for more than 14 days in the aggregate during a 12-month period or a place where the person routinely abides, dwells, inhabits or stays for four or more consecutive or nonconsecutive days in any month." *Id*.

17. There are three exemptions from the Ordinance: (1) the individual established and registered the residence prior to February 23, 2017, the effective date of the Ordinance; (2) the individual is under the age of 18 and resides with a parent or legal guardian; and (3) the school, park, playground, place of worship, licensed child care facility, or sexually oriented business within 1,500 feet of the designated offender's residence commenced operation after the designated offender established and registered the residence. *Id*. at §(C).

18. The City applies the Ordinance retroactively to individuals who committed their offenses prior to the effective date of the Ordinance.

19. Pursuant to the Ordinance, the City maintains an official map "showing approximate locations in which a designated offender is prohibited to reside." *Id*. at §(B)(3). The official map is attached hereto as Exhibit 2.

20. The City's official map reveals that more than 90 percent of the

---

2 – moderate risk of re-offending; level 3 – high risk of re-offending. *See* https://dps.mn.gov/entity/post/model-policies-learning-objectives/Documents/Predatory- Offender-and-Community-Notification-Model-Policy.pdf. Individuals who are not sentenced to serve time in state or federal prison for their offense (*e.g.*, those given probation only) are not assigned a risk level. *Id*. at 1. Only level 3 offenders appear on Minnesota's public sex offender registry. *Id*. at 3. There is no community notification for individuals assigned level 1 or those who are not assigned a risk level at all. *Id*.

5

residential properties in Apple Valley are off limits under the Ordinance's restrictions.

21. Violations of the Ordinance are punishable as misdemeanors. Municipal Code of Apple Valley §10.99(A). Each day during which a violation of the Ordinance "occurs or continues" is a separate offense. *Id.* Under Minnesota law, each violation is punishable by a fine of up to $1,000 and/or imprisonment of up to 90 days. Minn.Stat. §609.02(3).

## Facts Relevant to the Named Plaintiffs

### John Doe 1

22. Plaintiff John Doe 1 is 32 years old. In 2002, when he was 15 years old, John Doe 1 was adjudicated as a juvenile for a criminal sexual assault against another minor. He was civilly committed from the time he was 15 until he was 31 years old. He was provisionally released from civil commitment 2017 and fully discharged from all supervision in March 2019. He has a "Level 1" risk designation. He does not appear on a public sex offender registry and is not subject to any community notification under Minnesota law.

23. In November 2019, John Doe 1 rented an apartment in Apple Valley. He chose this location because it was affordable, close to his work, near family and friends, and provided an easy commute.

24. Shortly after he moved in, John Doe 1 went to register with the Apple Valley police department. The police department refused to register him and said if he did not move out of the apartment, he would be arrested for failure to register and

6

for violation of the Ordinance.

25. John Doe 1 had to place his belongings in storage and move in with his parents to avoid arrest. In December 2019, John Doe 1 found another apartment in Bloomington, Minnesota. As a result, he incurred substantial expenses including moving expenses and storage costs. John Doe 1 continues to incur additional costs related to his longer commute from his home in Bloomington.

26. John Doe 1 wants to move back to Apple Valley, but he is prohibited from doing so pursuant to the Ordinance, which puts all of the affordable rental housing in the City off limits to him.

### John Doe 2

27. John Doe 2 was convicted in 2018 of possession of child pornography. He was alleged to have viewed the illegal images in June 2014.

28. John Doe 2 was not sentenced to serve any time in prison and thus was not assigned any risk level. He is on probation for seven years (until 2025). He does not appear on a public sex offender registry and is not subject to any community notification under Minnesota law.

29. In July 2018, John Doe 2 purchased a townhome in Apple Valley. He is responsible for a mortgage payment of $700 per month along with taxes and association fees of approximately $150 per month.

30. Shortly after purchasing the townhome, John Doe 2 went to the Apple Valley police department to register his new residence. Officer McKnight at the Apple Valley police department told him he is prohibited from living in his

townhome pursuant to the Ordinance.

31. John Doe 2 immediately moved out of his townhome and in with his parents.

32. John Doe 2 rented the townhome to a tenant who paid $600 per month for the time period of June 1, 2019 – January 31, 2020. As of February 1, 2020, the tenant moved out and the townhome is currently unoccupied.

33. John Doe 2 wants to live in his townhome but is prohibited from doing so pursuant to the Ordinance.

34. John Doe 2 hired an attorney to try to resolve his dispute with Apple Valley without litigation. He paid this attorney $2,500. The City was not willing to grant John Doe 2 an exception from the Ordinance.

35. Because he is prohibited from residing in his home pursuant to the Ordinance, John Doe 2 has incurred damages including moving expenses, additional commuting expenses and mortgage payments, taxes and association fees for a home he cannot occupy.

### John Doe 3

36. Plaintiff John Doe 3 was convicted in August 2017 of third-degree criminal sexual conduct. The victim of his offense was an adult woman with whom he was in a relationship at the time. The offense of which John Doe 3 was convicted occurred in 2015.

37. John Doe 3 was sentenced to 15 years of probation. He will be on probation until 2032.

38. John Doe 3 was not sentenced to prison for his offense and thus was not

assigned any risk level. John Doe 3 does not appear on a public sex offender registry and is not subject to any community notification under Minnesota law.

39. In October 2019, John Doe 3 purchased a townhome in Apple Valley.

40. Prior to purchasing this property, John Doe 3 consulted with his probation officer, Melissa Larson. Larson gave John Doe 3 her approval for him to move to that address.

41. John Doe 3 along with his wife, step-daughter and son moved into the residence.

42. On December 23, 2019, Officer Broughten of the Apple Valley police department called John Doe 3 and informed him that he is prohibited from remaining in his home pursuant to the Ordinance and that if he does not move out, he will be charged with violation of the Ordinance and have his probation revoked.

43. John Doe 3 explained that he was not subject to the Ordinance because he has never committed an offense against a minor and has not been assigned a Level 3.

44. Officer Broughten told John Doe 3 he would consult with others in City government. He called John Doe 3 back later the same day and told him that the City applies the Ordinance to everyone who is required to register as a sex offender for one of the offenses listed in the Ordinance.

45. John Doe 3's probation officer also spoke to the City on his behalf and received the same response.

46. John Doe 3 paid an attorney $5,000 to speak to the City on his behalf. The attorney received the same response—that the City applies the Ordinance to everyone who

has been convicted of one of the sex offenses enumerated in the Ordinance.

47. John Doe 3 and his wife put all of their savings into a down payment for this home and undertaking repairs and renovations of the home, including remodeling a bathroom. They do not have funds to move to a new location at this time.

48. The mortgage on the house is financed by a Federal Housing Administration loan. One of the terms of this loan is that the premises must be occupied by the owner and cannot be rented out to a tenant.

49. John Doe 3 has consulted with the real estate agent who sold him his home. The agent informed him that if he attempts to sell it now it is unlikely he will recoup his investment in the property.

50. John Doe 3 does not have somewhere else to live. If he loses the investment he made into his home, he will not have sufficient funds to pay for another place to live and faces a real possibility of homelessness. If his family remains and John Doe 3 moves out, he will have to sleep in his car because he doesn't have money to pay for two separate residences.

## Class Allegations

51. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2). The named Plaintiffs seek to represent two classes of similarly situated individuals, defined as follows:

   a. All individuals classified as "designated offenders" as that term is defined in the Ordinance who are currently, or will be in the future, subject to the challenged Ordinance's restrictions. ("Class A").

   b. All individuals who are required to register as sex offenders but do not meet the definition of "designated offender" as that term is defined in the

Ordinance who are currently, or will be in the future, subject to residency restrictions set forth in the Ordinance pursuant the City's policy of applying the Ordinance to all individuals who are required to register as sex offenders. ("Class B").

52. Plaintiffs seek injunctive and declaratory relief against Defendant City of Apple Valley prohibiting enforcement of the Ordinance on behalf of the classes. Because the City has acted on grounds generally applicable to the classes, final injunctive and declaratory relief with respect to the classes is appropriate.

53. Plaintiffs meet the requisites for filing a class action. Certification of this case as a class action pursuant to Rule 23(b)(2) is the most efficient means of adjudicating Plaintiffs' claims because (1) the classes are so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the classes; (3) the claims of the representative Plaintiffs are typical of the claims of the classes; and (4) the representative Plaintiffs will fairly and adequately protect the interests of the class.

   a. **Numerosity:** The members of the proposed classes are so numerous that their joinder is impracticable. The classes include all individuals who are required to register as sex offenders who wish (now or in the future) to reside in Apple Valley, Minnesota and thus are subject to the Ordinance's residency restrictions. Rule 23(b)(2)'s injunctive class provision was designed specifically for civil rights cases seeking "broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons." W. Rubenstein, A. Conte, H. Newberg, 2 Newberg on Class Actions §4.26, at 99 (5th Ed. 2013).

   b. **Commonality:** Because this lawsuit is a facial challenge to the Ordinance, the central question of law—whether the Ordinance's residency restrictions violate the U.S. Constitution's Ex Post Facto Clause—is common to the classes. This question predominates over any questions affecting only individual Class members.

   c. **Typicality**: Plaintiffs' claims are typical of the claims of the members of the classes because Plaintiffs and the class members all seek to reside in Apple

11

Valley but are prohibited from doing so pursuant to the Ordinance.

d. **Adequacy:** Plaintiffs are adequate representatives of the classes because their interests overlap with and are not in conflict with the interests of the classes. Plaintiffs have retained counsel competent and experienced in class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiffs and their counsel.

## COUNT I
## VIOLATION OF THE EX POST FACTO CLAUSE
### On behalf John Does 1 and 2 and the Members of Class A

54. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation above.

55. As applied to individuals who have been convicted of crimes involving minors and/or assigned a "Level 3" Risk Level, the Ordinance violates the Ex Post Facto Clause of the U.S. Constitution, Art. I, § 10, cl. 1, because it makes more burdensome the punishment imposed for offenses committed prior to enactment of the Ordinance and it applies retroactively— that is, it applies to all individuals classified as "designated offenders" who committed their offenses before enactment of the Ordinance.

WHEREFORE, Plaintiffs John Doe 1 and 2 request that this Court:

A. Enter a declaration that §130.08 of the Municipal Code of Apple Valley violates the Ex Post Facto Clause of the U.S. Constitution;

B. Enter a preliminary and then a permanent injunction barring Defendant City of Apple Valley and its agents, servants, employees and attorneys from enforcing §130.08 of the Municipal Code of Apple Valley against John Does 1 and 2 and the members of Class A;

C. Enter judgment in favor of Plaintiffs John Doe 1 and John Doe 2 and the members of Class A and against Defendant City of Apple Valley;

D. Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E. Grant Plaintiffs any and all other relief as law and justice demand.

## COUNT II
### VIOLATION OF THE EX POST FACTO CLAUSE
**On behalf John Doe 3 and the Members of Class B**

56. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation above.

57. The City's official policy of applying the Ordinance's residency restrictions to individuals who are required to register as sex offenders but do not meet the Ordinance's definition of "designated offender" violates the Ex Post Facto Clause of the U.S. Constitution, Art. I, § 10, cl. 1, because it makes more burdensome the punishment imposed for offenses committed prior to enactment of the Ordinance and it applies retroactively to all individuals who committed their offenses before enactment of the Ordinance.

WHEREFORE, Plaintiff John Doe 3 requests that this Court:

A. Enter a declaration that the City's misapplication of the residency restrictions set forth in §130.08 of the Municipal Code of Apple Valley violates the Ex Post Facto Clause of the U.S. Constitution as applied to John Doe 3 and the members of Class B;

B. Enter a preliminary and then a permanent injunction barring Defendant City of Apple Valley and its agents, servants, employees and attorneys from enforcing §130.08 of the Municipal Code of Apple Valley against John Doe 3 and the members of Class B;

C. Enter judgment in favor of John Doe 3 and the members of Class B and against Defendant City of Apple Valley;

D. Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E. Grant Plaintiffs any and all other relief as law and justice demand.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
### On Behalf of John Doe 3

58. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation above.

59. The City has an official policy and practice of applying the Ordinance's restrictions to anyone who is required to register as a sex offender regardless of whether they meet the definition of "designated offender" as that term is defined in the Ordinance.

60. Pursuant to this official policy, the City has ordered Plaintiff John Doe 3 to move out of his home or face legal consequences including fines and imprisonment.

61. The City's misapplication of the Ordinance to Plaintiff John Doe 3 violates his Fourth Amendment rights because it unreasonably interferes with his right to the use and possession of his property.

WHEREFORE, Plaintiff John Doe 3 requests that this Court:

A. Enter a declaration that the City's misapplication of the residency restrictions set forth in §130.08 of the Municipal Code of Apple Valley to John Doe 3 violates the Fourth Amendment;

B. Enter a preliminary and then a permanent injunction barring Defendant City of Apple Valley and its agents, servants, employees and attorneys from enforcing §130.08 of the Municipal Code of Apple Valley against John Doe 3;

C. Enter judgment in favor of John Doe 3 and against Defendant City of Apple Valley;

D. Enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

E. Grant Plaintiffs any and all other relief as law and justice demand.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial as to all issues triable by a jury.

Dated:  February 12, 2020

Respectfully submitted,

 s/Daniel E. Gustafson
Daniel E. Gustafson (#202241)
Karla M. Gluek (#238399)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com

Adele D. Nicholas
Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, IL 60630
Telephone: (847) 361-3869
adele@civilrightschicago.com

Mark G. Weinberg
Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, IL 60641
Telephone: (773) 283-3913
mweinberg@sbcglobal.net

***Attorneys for Plaintiffs***