**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John Doe 1, John Doe 2, and John Doe 3, *individually and on behalf of all others similarly situated*, | Case No. 20-cv-499 (PJS/DTS) |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Apple Valley, | |
| Defendant. | |

___

Plaintiffs in the present lawsuit challenge the constitutionality of a City of Apple Valley ordinance that restricts where an individual convicted of a sexual offense may live within the City's limits. They filed the Complaint using the pseudonyms John Does 1-3, and contemporaneously filed their Motion for Leave to Proceed Anonymously (Dkt. No. 2). The City takes no position on the motion. Meet & Confer Statement, Dkt. No. 26. For the reasons set forth below, Plaintiffs' motion is granted.

"There is a strong presumption against allowing parties to use a pseudonym." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998). A party who brings their grievance to federal court must generally accept that, by so doing, they are surrendering their privacy to the public's "right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Federal Rules of Civil Procedure echo this sentiment, requiring a complaint to "include the names of all the parties." Fed. R. Civ. P. 10(a).

Although pseudonyms are disfavored, the federal courts have recognized a limited number of instances when pseudonymous litigation is appropriate because of the "intensely personal" nature of the action. *See In re Ashley Madison Customer Data*

*Security Breach Litig.*, 2016 WL 1366616, at *3 (E.D. Mo. Apr. 6, 2016). Courts around the country have identified numerous factors to consider when balancing the countervailing public and private interests.[1] The Second Circuit offers a comprehensive, though still unexhaustive, list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (cleaned up).

On the record before the Court, Plaintiffs have sufficiently shown that they should continue in this litigation pseudonymously. Although not all the factors identified above are relevant to the present case, those that are weigh in the Plaintiffs' favor. First, to this Court's knowledge, the true names of the individual Plaintiffs have been kept from public knowledge despite some early media interest in this lawsuit.

---

[1] Neither the Supreme Court nor the Eighth Circuit have directly addressed when anonymous or pseudonymous litigation is appropriate, although both courts have allowed parties to use pseudonyms. *See, e.g.*, *Doe v. Sauer*, 186 F.3d 903, 904 n.2 (8th Cir. 1999) ("Plaintiff is a prisoner incarcerated with the Iowa Department of Corrections who filed his claims under a fictitious name to protect himself from possible harm should it be known that he is a convicted child molester.").

Second, the litigation both challenges the constitutionality of a government ordinance and touches upon highly sensitive matters for the individual Plaintiffs. As one court has noted regarding challenges to public laws, "the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights." *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003). The concerns of stigmatization or even retaliation seem particularly acute here. The Plaintiffs challenge not just any ordinance, but one that ostensibly serves to further the public safety.

Further, although each of the individual Plaintiffs was convicted of a sexual offense, two of them are not required to either register on a public sex offender registry or provide community notification under Minnesota law. Decl. of Daniel E. Gustafson Ex. 4 (Decl. of John Doe 2), at ¶ 2, Ex. 5 (Decl. of John Doe 3), at ¶ 3, Dkt. No. 13. The third individual was released from civil commitment with a "Level 1" risk designation. *Id.* at Ex. 3 (Decl. of John Doe 1), at ¶ 1. One of the Plaintiffs has a family, including children. *Id.* at Ex. 5, at ¶ 5. In a similar challenge to a city ordinance by sex offenders, the court in *Does v. City of Indianapolis, Indiana*, recognized that "persons identified as sex offenders have been subject to violence" and concluded that the plaintiffs' "fears that they and their families could be subject to physical harm as a result of participating in this lawsuit are legitimate." 2006 WL 2289187, at *3 (S.D. Ind. Aug. 7, 2006) (citing news reports). In the case at hand, this Court concurs.

There is not a sufficiently strong countervailing interest to disclose Plaintiffs' true names. The City does not oppose the motion, and so presumably sees no prejudice befalling it by litigating against pseudonymous plaintiffs. As to the public interest, although there may be some factual disputes lurking in this litigation, the nature of the case seems

largely legal in nature, and so knowing the Plaintiffs' identities lends little to the public's ability to follow the proceedings or understand the disposition of the case. *See Doe v. Provident Life and Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("[B]ecause of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities.").

Finally, the posture of the case is noteworthy, as Plaintiffs bring their challenge as a purported class action. The Courts are split as to how this fact weighs in the analysis. In *Ashley Madison*, for example, the court reasoned the public, specifically those in the prospective class, "have a personal stake in the case and a heightened interest in knowing who purports to represent their interests in the litigation." *In re Ashley Madison*, 2016 WL 1366616, at *4. This reasoning is not without merit, particularly in the circumstances that court faced, where any class representative would likely "receive an incentive award as compensation for work done on behalf of the class."[2] *Id.* However, the District Court will still hear any motion for class certification in this matter and is more than capable of ensuring the Plaintiffs are fair representatives of the proposed classes.

Plaintiffs' status as putative class representatives strengthens their argument for proceeding under pseudonyms, at least in the present action. In putative class actions raising constitutional challenges, "[t]he public interest is not being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved." *City of Indianapolis*, 2006 WL 2289187, at *3. Here, Plaintiffs anticipate no monetary award for their time and effort as class representatives, but merely a vindication of what they allege to be a violation of their rights. *See New York Blood Center*, 213

---

[2] Other than declaratory and injunctive relief, Plaintiffs' Complaint seeks only costs and attorney's fees. Compl. 12-15, Dkt. No. 1.

F.R.D. at 111. Given the stigma and fear of violence previously mentioned, a rule that class representatives must be publicly identified would likely discourage individuals from stepping forward and seeking redress for their injury. That is antithetical to the purpose of the class action.

Because Plaintiffs have shown that their interest in protecting their identities outweighs the public interest in the present case—

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Proceed Anonymously [Dkt. No. 2] is GRANTED.

Dated: March 5, 2020
s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge